# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

EMI RADAJ, MARGARET REID,
THOMAS WILLIAMS III, RANDALL OLSON,
KAREN OLSON, DIANNA KENNEDY,
JANE SAGGAU, and TIMOTHY SIMON,

        Plaintiffs,

  v.                                           Case No. 05-C-0773

ARS NATIONAL SERVICES, INC.,

        Defendant.

## ORDER DENYING MOTION TO DISMISS AND DIRECTING UPDATE REGARDING MOTION FOR CLASS CERTIFICATION

        Plaintiffs, Emi Radaj and Margaret Reid, filed this case, asserting that defendant ARS National Services, Inc. violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692e. Amendments to the complaint added Thomas Williams III, Randall Olson, Karen Olson, Dianna Kennedy, Jane Saggau, and Timothy Simon as plaintiffs. In the Second Amended Complaint, each plaintiff asserts that he or she received from ARS National Services one or more debt collection letters stating that ARS "is licensed by the Office of the Administrator of the Division of Banking" of the State of Wisconsin, which was an allegedly false statement in violation of the FDCPA. (2d Am. Compl. ¶¶ 17-19.) Copies of the letters the plaintiffs received from ARS are attached to the Second Amended Complaint.

        In addition to their individual claims, the plaintiffs assert a claim on behalf of a class of all natural persons in the State of Wisconsin who, within a year prior to the inception of this case, received a letter from ARS stating that it was licensed by the Office of the Administrator of the Division of Banking, and seeking to collect a debt for personal, family or household purposes. (*Id.* ¶¶ 20-25.)

Between the filing of the First Amended Complaint and the Second Amended Complaint, Plaintiffs Radaj and Reid filed a motion for class certification as a protective measure to preserve the class claims. When the class certification motion was filed, only Radaj, Reid, and Williams were named plaintiffs, and ARS had mailed each an offer of judgment under Fed. R. Civ. P. 68, for $1 more than the maximum each individual plaintiff could receive if he or she continued the litigation.

After the Second Amended Complaint was filed, ARS filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6), asserting that the allegedly false statement cannot as a matter of law constitute a violation of the FDCPA.

The court will address the latter motion first.

## MOTION TO DISMISS

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). Dismissal of an action under such a motion is warranted if the plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *Scott v. City of Chicago*, 195 F.3d 950, 951 (7th Cir. 1999); *see Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The essence of a Rule 12(b)(6) motion is not that the plaintiff has pleaded insufficient facts, it is that even assuming all of his facts are accurate, he has no legal claim. *Payton v. Rush-Presbyterian-St. Luke's Med. Ctr.*, 184 F.3d 623, 627 (7th Cir. 1999). Exhibits to a pleading are part of the pleading, Fed. R. Civ. P. 10(c), and consideration of such documents does not convert a motion to dismiss into a motion for summary judgment, *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002); *Beanstalk Group, Inc. v. AM Gen. Corp.*, 283 F.3d 856, 858 (7th Cir. 2002).

In interpreting a federal statute, the court's first task is to determine whether the language Congress wrote resolves the issue. *Bailey v. Sec. Nat'l Servicing Corp.*, 154 F.3d 384, 387 (7th Cir. 1998). Where the statute's language is plain, the court's function is to interpret the law according to its terms. *Id.*

The FDCPA provides that a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. A nonexhaustive list of examples of prohibited conduct includes a false representation "that the debt collector is vouched for, bonded by, or affiliated with the United States or any State." § 1692e(1).

Section 1692e creates a strict-liability rule. *Czerwinski v. Risk Mgmt. Alternatives Int'l Corp. Can.*, No. 05-C-945, 2006 WL 897768, *1 (E.D. Wis. Apr. 4, 2006); *see Randolph v. IMBS, Inc.*, 368 F.3d 726, 730 (7th Cir. 2004). "Debt collectors may not make false claims, period." *Randolph*, 368 F.3d at 730. Thus, a debt collector may violate § 1692e even if it unintentionally makes a false statement. *Turner v. J.V.D.B. & Assocs., Inc.*, 330 F.3d 991, 995 (7th Cir. 2003) ("[U]nder § 1692e ignorance is no excuse."); *Russell v. Equifax A.R.S.*, 74 F.3d 30, 33 (2d Cir. 1996); *Czerwinski*, 2006 WL 897768, at *1. Further, a debt collector may violate the law even if it caused no actual damage to the plaintiff. *Czerwinski*, 2006 WL 897768, at *1; *see Keele v. Wexler*, 149 F.3d 589, 593 (7th Cir. 1998). "The FDCPA does not require proof of actual damages as a precursor to the recovery of statutory damages." *Keele*, 149 F.3d at 593.

FDCPA claims against debt collectors are reviewed through the eyes of the "unsophisticated consumer." *Avila v. Rubin*, 84 F.3d 222, 226 (7th Cir. 1996). The standard is low – "close to the bottom of the sophistication meter." *Id.* The unsophisticated consumer

3

is considered uninformed, naive, or trusting, but is nonetheless deemed to possess rudimentary knowledge about the financial world and to be capable of making basic logical deductions. *Durkin v. Equifax Check Servs., Inc.*, 406 F.3d 410, 414 (7th Cir. 2005). The standard is an objective one. *Id.*

One purpose of the FDCPA is to eliminate abusive debt collection practices by debt collectors, 15 U.S.C. § 1692(e); Congress has found that means other than misrepresentation or other abusive practices are available for the effective collection of debts, § 1692(c).

In *Czerwinski*, District Judge Lynn Adelman denied a motion to dismiss a claim identical to the present one. Czerwinski had alleged that the defendant violated the FDCPA by sending him debt collection letters stating falsely that it was licensed by the State of Wisconsin. *Czerwinski*, 2006 WL 897768, at *1. Judge Adelman found that the representation that the defendant was licensed by the state when it was not would constitute a false representation under the FDCPA. *See id.*

ARS argues that under Wisconsin law, because it is a nonresident corresponding with debtors only by telephone or mail, it is exempt from licensing requirements. Hence, because no license was required, the statement about licensing was not required either. According to ARS, the inclusion of the licensing statement was inadvertent or a "mere 'scrivener's error'" (Def.'s Mem. in Supp. of Mot. to Dismiss at 4) that could not have caused plaintiffs harm, as even an unsophisticated consumer would not have been misled or confused. ARS points to three district court cases in support: *Richardson v. AllianceOne Receivables Mgmt., Inc.*, No. 03 Civ. 5519 (DLC), 2004 WL 867732 (S.D.N.Y. Apr. 23, 2004); *Ferguson v. Credit Mgmt. Control, Inc.*, 140 F. Supp. 2d 1293 (M.D. Fla. 2001); *Lindbergh v. Transworld Sys., Inc.*, 846 F. Supp. 175 (D. Conn. 1994).

4

This court agrees with Judge Adelman. The language of the statute is plain and unambiguous: a debt collector may not use *any* false or misleading representation in connection with the collection of any debt. 15 U.S.C. § 1692e. Plaintiffs allege that the statement about licensing, contained in a debt collection letter, was false. Therefore, they have stated a claim under the FDCPA.

The three cases cited by ARS are inapposite. Each involved a violation of a state or municipal licensing requirement rather than the FDCPA. *Richardson* involved a debt collector's failure to include its license number on a debt collection letter; the license number was required by a City of New York ordinance. 2004 WL 867732, at *1. *Ferguson* involved a defendant's failure to register with the Florida Department of Banking, which was allegedly required under Florida law. 140 F. Supp. 2d at 1296-97. And *Lindbergh* concerned whether the FDCPA was violated by a debt collector's failure to have a license required by state law for each separate office from which it conducted business. 846 F. Supp. at 180-81.

Section 1692e does not incorporate state licensing requirements. Thus, an alleged violation of state or local law is insufficient to state a claim under the FDCPA. *Richardson*, 2004 WL 867732, at *2. But the plaintiffs here do not allege a violation of any state licensing law.

Instead, they assert that a false statement was made in a debt collection letter, and § 1692e bars false statements expressly. Whether a license or a statement about licensing was required by state law is irrelevant. The statute states unequivocally that if *any* false statement is made in connection with the collection of the debt, § 1692e is violated. Further, Congress expressed its belief that means other than misrepresentation are available for the collection of debts, § 1692(c), also supporting this court's interpretation of § 1692e to

5

prohibit *any* false statement, regardless of whether the statement is required by law, state or federal.

Even the *Ferguson* court noted the distinction between that defendant's failure to register with the state department as required by state law and an affirmative falsehood:

> [B]y looking at the plain language of the letter, the Court finds that defendant did not misrepresent its position. It did not hold itself out as a licensed debt collector in Florida . . . .
> . . . .
> Here, defendant did not state that it had the power to collect debts in Florida, nor did it indicate that it was licensed to act as a collection agency in Florida. Rather, the letter merely informed plaintiff that he owed a debt . . . .

140 F. Supp. 2d at 1302-03. In the present case, the plaintiffs assert the claim that *Ferguson* distinguished, i.e., that ARS falsely representation that it was licensed by the state and approved to collect debts in Wisconsin.

Whether the plaintiffs were actually harmed is irrelevant. *Keele*, 149 F.3d at 593; *Czerwinski*, 2006 WL 897768, at *1. But if actual damages were relevant, this court disagrees with ARS's contention that an unsophisticated consumer would not have been misled by the letter at issue. The FDCPA prohibits false statements indicating a debt collector is "vouched for" by a state. § 1692e(1). The statement about licensing is akin to a "vouched for" statement. It suggests that ARS has been approved by the state, thereby enhancing in the mind of the unsophisticated consumer ARS's legitimacy and power to collect the debt. Thus, the court cannot say that an unsophisticated consumer would not have been misled or harmed by the inclusion of the statement.

Finally, in a footnote, ARS suggests that the claim of Jane Saggau is time-barred. (Def.'s Mem. in Supp. of Mot. to Dismiss at 2 n.2.) The issue, made in passing and

6

in a footnote, is insufficiently raised and will not be considered at this time. Hence, the motion to dismiss will be denied.

## MOTION FOR CLASS CERTIFICATION

An issue of mootness may arise when a defendant presents offers of judgment to named plaintiffs in a putative class action. Generally, a case becomes moot when the dispute between the parties no longer exists, as occurs when a defendant offers to satisfy the plaintiff's entire demand. *Holstein v. City of Chicago*, 29 F.3d 1145, 1147 (7th Cir. 1994); *W. Ry. Devices Corp. v. Lusida Rubber Prods., Inc.*, No. 06 C 0052, 2006 WL 1697119, *2 (N.D. Ill. June 13, 2006). However, the general rule varies slightly in the class action context. If the court has certified the class before the expiration of the plaintiff's claims, mootness is avoided. *Holstein*, 29 F.3d at 1147; *Weiss v. Regal Collections*, 385 F.3d 337, 342 (3d Cir. 2004). And even where a class certification motion has not been filed, when the offer of judgment is extended, a number of courts in this circuit have concluded that the filing of a motion to certify during the ten-day period after the offer of judgment prevents mootness of the case. *See W. Ry. Devices Corp.*, 2006 WL 1697119, at *3 (describing four such cases and holding the same). Similarly, the Third Circuit has found that so long as a named plaintiff does not unduly delay in filing it, a motion for class certification made after a Rule 68 offer of judgment will relate back to the filing of the class complaint. *Weiss*, 385 F.3d at 348. That court held that:

> allowing the defendants here to "pick off" a representative plaintiff with an offer of judgment less than two months after the complaint is filed may undercut the viability of the class action procedure, and frustrate the objectives of this procedural mechanism for aggregating small claims, like those brought under the FDCPA.

*Id.* at 344.

7

In the present action, ARS presented offers of judgment to the three plaintiffs named in the First Amended Complaint, which was the operative pleading when the offers were made. Williams accepted ARS's offer of judgment. (Letter of Blythin filed 12/20/05.) Apparently, Radaj and Reid rejected the offer. (Def.'s Mem. in Supp. of Mot. to Dismiss at 2 n.1.) Notably, only Radaj and Reid filed the motion for class certification. However, since the motion was filed, several plaintiffs joined the case, and it is unclear whether ARS has provided offers of judgment to them as well. If no offers of judgment were made to the newer plaintiffs, the motion for class certification should be unnecessary to avoid mootness. And even if ARS provides Rule 68 offers of judgment to the remaining plaintiffs at some time in the future, under *Weiss* and several cases out of the Northern District of Illinois, the newer plaintiffs could file a new motion for class certification within ten days.

Further, the motion for class certification has not been fully briefed, and discovery may be necessary to determine the potential number of class members. But discovery and further briefing were stayed while the motion to dismiss was pending. Nevertheless, the parties may now have a better understanding of the scope of the putative class, which could justify revised briefing.

For these reasons, the court will require the plaintiffs to update the court on the status of the motion for class certification – particularly regarding whether offers of judgment were made to the other plaintiffs, whether the motion continues to be necessary, whether further information is known regarding the size of the putative class or whether discovery is required before further briefing on the motion. Thereafter, the court will conduct a scheduling conference to get the case moving again.

8

## CONCLUSION

For the above reasons,

**IT IS ORDERED** that ARS's motion to dismiss is **denied**.

**IT IS FURTHER ORDERED** that within ten days of the date of this order, plaintiffs are to file a written update regarding the motion for class certification, as discussed above.

Dated at Milwaukee, Wisconsin, this 12th day of September, 2006.

BY THE COURT:

s/C. N. Clevert, Jr.
C. N. CLEVERT, JR.
U. S. District Judge