# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

EMI RADAJ, MARGARET REID,
THOMAS WILLIAMS III, RANDALL OLSON,
KAREN OLSON, DIANNA KENNEDY,
JANE SAGGAU, and TIMOTHY SIMON,

     Plaintiffs,

v.              Case No. 05-C-0773

ARS NATIONAL SERVICES, INC.,

     Defendant.

## ORDER CONDITIONALLY CERTIFYING CLASS AND
## GRANTING PRELIMINARY APPROVAL OF SETTLEMENT

  This cause comes before the court on the joint motion of plaintiffs and defendant for preliminary approval of a Class Action Settlement Agreement. Movants appeared through their respective attorneys of record. Pursuant to Fed. R. Civ. P. 23(e), the parties have submitted a proposed Settlement Agreement[1] to the court for preliminary approval, which proposed Settlement Agreement has been filed in the papers in this cause. The parties have requested approval of: (I) the form of notice to the class; (ii) the proposed class certification for settlement purposes only; and (iii) the terms of the proposed Settlement Agreement.

  After consideration of the evidence, the papers filed in the above-referenced cause and the argument of counsel, the court has made a preliminary determination that: (I) the proposed settlement class is potentially certifiable under Fed. R. Civ. P. 23(b)(3); and (ii) the proposed settlement of the claims of the class against defendant appears to be fair, adequate, reasonable, and within the range of approval.

---

[1] "Settlement Agreement" refers to the Settlement Agreement dated April 12, 2007, as amended on June 29, 2007.

The court further finds that the efforts of defendant to identify Class Members and obtain their last known addresses from its records and the parties' proposal to send each Class Member written notice by first class U.S. mail, with forwarding address requested, is calculated to provide the best notice practicable to all Class Members within the meaning of Fed. R. Civ. P. 23(c)(2) and (e).

The court also finds that the proposed form of notice is adequate and will give all Class Members sufficient information to enable them to make intelligent decisions as to whether to remain Class Members, opt out, or object to the proposed settlement and its terms. Therefore,

**IT IS ORDERED**:

1. Pursuant to Fed. R. Civ. P. 23(e), that a class is conditionally certified for settlement purposes only, under Fed. R. Civ. P. 23(b)(3) as: all individuals in the State of Wisconsin who, during the Class Period:

   a. were sent one or more collection letters by ARS National Services, Inc., stating that ARS National Services, Inc., was licensed by the Office of the Administrator of the Division of Banking;

   b. concerning a debt incurred for personal, family, or household purposes; and

   c. whose letter was not returned as undeliverable by the Postal Service.

The Class Period runs from July 21, 2004, through June 29, 2007.

2. However, the Settlement Class excludes any consumer who would meet the class definition but who has already settled an FDCPA claim against defendant since the start of the Class Period.

2

3. As to any Class Members who are or were involved in bankruptcy proceedings, whose causes of action against defendants might otherwise be considered property of the estate as that term is defined by 11 U.S.C. § 541(a), it appears to the court that the potential recovery on said claims as well as the disputed nature of same would have resulted in the abandonment of same. Hence, the court concludes that the claims, if any, belong to the Class Members and that they are the proper parties for notice under this Order.

4. The court will hold a hearing, pursuant to Rule 23(c) and (e) at the time and place indicated below for the purpose of determining: (i) whether the conditionally certified settlement class meets the requirements for class certification under Rule 23; (ii) whether the proposed settlement is fair, reasonable and adequate, and should, therefore, be approved; (iii) the amount of attorneys' fees and expenses that should be awarded to Class Counsel; and (iv) the award of an incentive payment to the Class Representative.

5. The Fairness Hearing will be held on **January 11, 2008, at 11:00 a.m.**

at:  United States District Court for the Eastern District of Wisconsin
     before U. S. District Judge C. N. Clevert, Jr.
     Courtroom 222, United States Courthouse
     517 East Wisconsin Ave.
     Milwaukee, WI 53202

6. Plaintiffs are appointed as the Class Representative for the settlement class, and the following attorneys are appointed as Class Counsel:

> Robert K. O'Reilly
> John D. Blythin
> Ademi & O'Reilly, LLP
> 3620 E. Layton Avenue
> Cudahy, WI 53110
> (414) 482-8000
> (414) 482-8001 (FAX)

7. Notice of the preliminary certification of the class action for settlement purposes only, the proposed settlement, and the final approval hearing shall be given by defendant or its designated claim administrator to the settlement class by mailing the Class Notice, a copy of which is attached hereto as Exhibit 1, to members of the settlement class by U.S. mail, first-class, with address correction requested, in accordance with the terms of the Settlement Agreement, which Notice shall be mailed no later than **October 26, 2007**.

8. A Class Member may opt out of the Class at any time prior to **December 10, 2007**. To opt out of the Class, a Class Member must complete and return to Class Counsel a request for exclusion, as described in the Class Notice, which request for exclusion shall be post-marked no later than **December 10, 2007**. Any member of the Class who opts out shall not be subject to the Settlement Agreement or any final judgment in this case and shall not participate in the class recovery.

9. No member of the Class, or any other person, shall be heard at the Fairness Hearing in opposition to class certification, class settlement, Class Counsel's proposed attorneys' fees and expenses or the proposed Class Representatives' award unless not later than **5:00 p.m. on December 10, 2007**, such class member or other person files with the Clerk of the Court and serves upon counsel listed below an objection containing, at a minimum, the following information: (i) a statement of each objection being made, which shall contain a detailed description of the facts underlying each objection and a detailed description of the legal authorities underlying such objection; (ii) a statement of whether the objector intends to appear at the Fairness Hearing; (iii) a list of witnesses whom the objector may call by live testimony, oral deposition testimony or affidavit during the

4

Fairness Hearing; and (iv) a list of the exhibits which the objector may offer during the Fairness Hearing, along with copies of all of the exhibits.

10. Class Members, or any other person objecting to the proposed settlement, shall file any such notices and objections with the court and serve their notice of objections upon Class Counsel and counsel for defendant no later than **December 10, 2007**. Class Members, or any other person, who fail to properly or timely file their notices and objections with the court, or fail to timely serve such notices and objections on Class Counsel and counsel for defendant, shall not be heard during the Fairness Hearing and the court will not consider their objections. Any notice required by this paragraph shall be served on Class Counsel and counsel for defendant by certified mail, hand-delivery, or facsimile transmission. No objection shall be heard by the court that does not comply with these requirements, which is not timely filed with the court, or which is not timely served on listed counsel.

11. Until the Fairness Hearing described above, or further order of this court, all Class Members are hereby preliminarily enjoined and ordered not to file, institute or prosecute any lawsuit or claim against defendant or any of its officers, directors, shareholders, or employees arising out of or related to the circumstances, transactions or occurrences as are alleged in this case, such as defendant's use of letters that allegedly were not compliant with the FDCPA unless the Class Member opts out. The preliminary injunction ordered in this paragraph shall cease to be effective and binding upon any Class Member acting solely in his or her individual capacity upon the date of such Class Member opting out of the settlement as provided herein.

12. This Order shall not be construed or deemed to be a finding of this court or evidence of a presumption, implication, concession, or admission by defendant

concerning: (1) and alleged liability, fault, or wrongdoing by defendant; (2) the appropriateness of any measure of alleged loss or damages; or (3) the appropriateness of class certification for any purposes other than settlement. If the Settlement Agreement is terminated pursuant to its terms, or if the settlement is not approved or consummated for any reason whatsoever, the settlement and all proceedings had in connection therewith shall be without prejudice to the *status quo ante* rights of the parties to this action.

Dated at Milwaukee, Wisconsin, this 27th day of September, 2007.

BY THE COURT:

s/Charles N. Clevert, Jr.
C. N. CLEVERT, JR.
United States District Judge