IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

EMI RADAJ, MARGARET REID,
THOMAS WILLIAMS III, RANDALL
OLSON, KAREN OLSON, DIANNA
KENNEDY, JANE SAGGAU, and
TIMOTHY SIMON,

    Plaintiffs,

v.

ARS NATIONAL SERVICES, INC.,

    Defendant.

Case No. 05-C-773

**Hon. C.N. Clevert, Jr.**

U.S. DIST. COURT EAST DIST. WISC
FILED
APR 2 4 2008
AT_____ O'CLOCK_____M
JON W. SANFILIPPO, CLERK

## FINAL JUDGMENT APPROVING CLASS ACTION SETTLEMENT AND PAYMENT OF ATTORNEYS' FEES TO CLASS COUNSEL

This case has come before the Court for final approval of the Class Action Settlement Agreement and for dismissal of this action pursuant to the terms of the Class Action Settlement Agreement, due notice to the Class having been given pursuant to the Court's orders of September 27, 2007, November 7, 2007, and January 29, 2008.

The parties appeared through their respective attorneys of record and announced ready to proceed, and the Court conducted a final fairness hearing on the proposed class settlement as contemplated by Fed. R. Civ. P. 23.

THE COURT HEREBY FINDS THAT:

1. The parties entered into a Class Action Settlement Agreement ("Settlement Agreement") dated as of April 12, 2007. The Settlement Agreement includes an Amendment to Settlement Agreement ("Amendment"), which was entered into by the parties and dated as of June 29, 2007.

1

2. Within ten days of filing the proposed settlement with the Clerk of the Court, Defendant complied with the requirements of 28 U.S.C. § 1715.

3. By Order dated September 27, 2007, the Settlement Agreement was preliminarily approved by the Court, pursuant to Fed. R. Civ. P. 23, and this Court certified the settlement class, consisting of: all individuals in the State of Wisconsin who, during the period from July 21, 2004 through April 24, 2007:

    a. were sent one or more collection letters by ARS National Services, Inc., stating that ARS National Services, Inc. was licensed by the Office of the Administrator of the Division of Banking;

    b. concerning a debt incurred for personal, family, or household purposes; and

    c. whose letter was not returned as undeliverable by the Postal Service.

However, the Settlement Class excludes any consumer who would meet the class definition but who has already settled an FDCPA claim against Defendant since the start of the Class Period.

4. The Complaint in this action alleges that Defendant violated the Fair Debt Collection Practices Act. Defendant denies Plaintiffs' allegations and asserts, *inter alia*, that its conduct was not in violation of the Act. The settlement does not constitute an admission of liability by Defendant, and the Court expressly does not make any finding of liability or wrongdoing by Defendant.

5. On September 27, 2007, after consideration of the evidence, the papers filed in the above-referenced cause and the argument of counsel, the Court made a preliminary determination that: (i) the proposed settlement class was potentially

2

certifiable under Fed. R. Civ. P. 23(b)(3); and (ii) the proposed settlement of the claims of the class against Defendant appeared to be fair, adequate, and reasonable, and therefore, within the range of approval.

6. The Notice that was approved by the Court and mailed to the members of the Class gave fair, adequate, and reasonable notice to the members of the Class of the nature of this action, the potential liability of Defendant, Defendant's defenses, the terms of the settlement, the proposed payment to the Class, the proposed payment to the Class Representative, the proposed payment to Class Counsel, the method by which they could opt out, and the method by which they could object to the Settlement.

7. As to any Class Members who are or were involved in bankruptcy proceedings, whose causes of action against Defendants might otherwise be considered property of the estate as that term is defined by 11 U.S.C. § 541(a), it appears to the Court that: (i) it would have been unlikely that said Members would have been aware of the technical statutory claims of said causes of action; and (ii) the potential recovery on said claims as well as the disputed nature of same would have resulted in the abandonment of same. The Court therefore concludes that the claims, if any, belong to the Class Members, that they were the proper parties for notice, and that all such persons are also bound by this final judgment.

8. Pursuant to the provisions of the Settlement Agreement and the preliminary approval order, the Class Notice was mailed by Defendant to all 10,708 members of the Settlement Class.

9. No objections were received, and no members of the Settlement Class sought leave of this Court to intervene.

10. Four members of the class elected to opt out of this action.

11. The procedures set forth in the Settlement Agreement and the preliminary approval order for opting out or objecting are fair, adequate, and reasonable.

12. The proposed settlement is fair, reasonable, and adequate and meets the requirements of Fed. R. Civ. P. 23.

13. The Settlement Agreement calls for Defendant to pay a total of $11,000.00 to be distributed among those members of the Class who have submitted proof of claim forms.

14. The Court finds that Plaintiffs have secured such payment for the benefit of the Class, and that they should each be compensated for his or her service to the class by payment to them in the amount of $1,000.00 each (that being the maximum amount of each plaintiff's individual claims), for a total of $8,000.00. Such payment will be made by Defendant in addition to the $11,000.00 class settlement fund.

15. The Court finds class counsel's hourly rates, attorney time spent on this action, and fees and costs, as identified in Exhibit 1 to the declaration of Robert K. O'Reilly in support of plaintiff's petition for attorneys' fees, to be reasonable and necessary.

16. The Court finds that Class Counsel have secured such payments for the benefit of the Class, and that they should be compensated for their reasonable and necessary attorneys' fees and expenses in this case in the amount of $15,000.00, which is to be paid by Defendant in addition to the payments to Plaintiffs and the Class.

17. Any portion of the class settlement fund that is unclaimed by the Class, because the settlement check was returned as undeliverable or without a forwarding

4

address, or because the check remains uncashed 120 days after distribution, or any funds otherwise remaining after the distribution was calculated, shall be paid to Milwaukee Legal Aid Society as a *cy pres* remedy.

18. The Court finds these amounts to be fair, adequate and reasonable for the following reasons, among others, (1) the individual Plaintiffs and the Class are receiving, and Defendant is paying, an adequate amount of statutory damages in light of the statutory limitations on liability and the nature of the alleged violations; (2) there has been no admission of wrongdoing, and Defendant has not been found to have acted unlawfully; (3) furthermore, the complete lack of any objections or exclusions of class members is further evidence of the fairness, reasonableness, and adequacy of the settlement; (4) finally, the fact that the conduct complained of was not likely to have caused any actual damages to any of the Class Members is further evidence of the fairness, reasonableness, and adequacy of the settlement.

19. The Court finds the settlement negotiations were conducted at arms-length and in good faith among all counsel and that the terms of the Settlement Agreement are fair, reasonable and adequate to Plaintiffs and all members of the Class. In addition to the other facts stated herein, the Court finds the Settlement Agreement to be particularly fair, adequate and reasonable in light of the risk of establishing liability and the expense of further litigation.

20. Within fourteen (14) days after a judgment by the Court approving the Settlement becomes final and unappealable, checks representing the distribution described above will be sent by Defendant (or, at Defendant's sole discretion, their

5

designated claims administrator) to those class members entitled to a distribution under the terms of the Settlement.

21. Payment by the Defendant of the fees and costs to Class Counsel as set forth above is hereby approved as such fees are reasonable in this case.

**IT IS THEREFORE, ORDERED THAT:**

i. The Settlement Agreement dated April 12, 2007, is hereby approved.

ii. For themselves and their heirs, executors, administrators, successors, and assigns, the Named Plaintiffs hereby release, acquit, and forever discharge Defendant and all of its trustees, affiliates, related companies, parents, subsidiaries, principals, partners, officers, directors, employees, shareholders, agents, successors, predecessors, attorneys, insurers, assigns, and any other person, company or entity asserting an interest by or through them, from any and all claims or causes of action, whether arising under statute, regulation or common law, asserted or unasserted, known or unknown, direct or indirect, legal or equitable, that the Named Plaintiffs have asserted or could have asserted in this Litigation arising out of Defendant's collection efforts relating to the Class Members' accounts.

iii. For themselves and their heirs, executors, administrators, successors, and assigns, the Class Members hereby release, acquit, and forever discharge Defendant and all of its trustees, affiliates, related companies, parents, subsidiaries, principals, partners, officers, directors, employees, shareholders, agents, successors, predecessors, attorneys, insurers, assigns, and any other person, company or entity asserting an interest by or through them, from any and all claims or causes of action, whether arising under statute, regulation or common law, asserted or unasserted, known or unknown,

direct or indirect, legal or equitable, that the Class Members have asserted or could have asserted in this Litigation arising out of Defendant's collection efforts relating to the Class Members' accounts.

 iv. Notwithstanding the foregoing, nothing herein shall be construed to release, discharge or affect the underlying debts or any defenses thereto.

 v. Plaintiffs and the Class are forever barred and enjoined from instituting or further prosecuting, in any forum whatsoever, including but not limited to, any State, Federal, or Foreign Court or arbitration forum, against the parties released above, any causes of action, suits, claims or demands, whatsoever, in law or in equity, known or unknown at this time, which Plaintiffs and the Class have asserted or could have asserted in this Litigation arising out of Defendant's collection efforts relating to the Class Members' accounts. Defendant hereby agrees that it shall be barred identically from pursuing any claims for relief under 15 U.S.C. § 1692k(a)(3) against Plaintiffs or against any member of the Class arising out of the filing of this action.

 vi. The underlying debts, which Defendant was attempting to collect, via the letters at issue, are in no way affected by this judgment and nothing contained herein or in the Settlement Agreement shall prevent Defendant or its successors in interest from continuing to attempt to collect the debts allegedly owed by the Plaintiffs or the Class Members.

 vii. Defendant shall distribute the settlement funds as described above. Specifically, the Defendant shall pay $11,000 divided *pro rata* among the 1,263 claimants, and shall additionally pay $1,000 each to the eight Class Representatives, for a total of $8,000, and $15,000 to Class Counsel.

viii. This Court reserves jurisdiction over all matters arising out of the Settlement Agreement.

ix. All claims for contribution, indemnification or reimbursement, however denominated, against Defendant arising under state or federal law, including those based in tort, contract or statute or any other body of law, in favor of persons, including any non-released persons who are asserted to be or who may be joint tortfeasors or wrongdoers with Defendant in this Litigation for claims arising out of Defendant's collection efforts relating to the Class Members' accounts are hereby extinguished, discharged, satisfied, barred, and enjoined.

x. Except for the relief granted in this judgment, all remaining claims of the parties are hereby dismissed with prejudice and with the parties each to bear their own costs.

xi. This order resolves all claims against all parties in this action and is a final judgment. The Clerk is directed to close this case.

Signed this 24th day of April, 2008.

C.M. Clevert, Jr.
HON. C.N. CLEVERT, JR.
UNITED STATES DISTRICT JUDGE